UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA SNIDER,

    Plaintiff,

v.

FNU[1] WENDT et al.,

    Defendants.

Case No. 25-12990
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING COMPLAINT [1]**

Joshua Snider, an inmate at Macomb Correctional Facility in New Haven, Michigan, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Snider alleges that, while previously incarcerated at Cotton Correctional Facility in Jackson, Michigan, his cellmate masturbated near him as he slept, prompting him to file a Prison Rape Elimination Act complaint. (*Id.* at PageID.3–5.) Soon after, Snider was physically attacked by another inmate, which he believed to be an act of retaliation arranged by his cellmate. (*Id.* at PageID.5.) Snider filed this lawsuit claiming that the defendants, all prison wardens or supervisors, failed to protect him from the attack. (*Id.* at PageID.5–7.) Along with his complaint, Snider filed an application to proceed without prepayment of fees and costs. (ECF No. 2.)

A review of Snider's litigation history shows that he is a "three-striker" under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). Because he fails to

---

[1] First name unknown.

demonstrate he is in imminent danger of serious physical injury, he does not qualify for the exception to the three-strikes rule. Therefore, the Court denies Snider's application to proceed without prepaying fees and summarily dismisses his complaint.

I.

Under the PLRA, the Court may authorize commencement of an action without prepayment of the filing fee if a plaintiff demonstrates that he cannot pay such fees. 28 U.S.C. § 1915(a)(1). But this authorization is subject to the PLRA's three-strikes rule. *Id.* § 1915(g). That is, if an incarcerated plaintiff has already had three or more complaints dismissed by a federal court for being frivolous or malicious or for failing to state a claim, the PLRA's three-strikes rule bars him from proceeding without prepayment of fees unless he plausibly alleges that he "is under imminent danger of serious physical injury." *Id.*

A federal district court may *sua sponte* raise the three strikes rule. *Preston v. Parish*, No. 20-11671, 2020 WL 5107337, at *1 (E.D. Mich. Aug. 31, 2020) ("[A] district court can invoke § 1915(g) to dismiss a prisoner lawsuit even if the three strikes rule has not been raised by the defendant in the pleadings." (quoting *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010))). And the Court may take judicial notice of a plaintiff's prior dismissals. *McGore v. Kavanaugh*, No. 24-12602, 2024 WL 4756896, at *1 (E.D. Mich. Nov. 12, 2024) (collecting cases).

Here, Snider has had at least three civil rights cases dismissed as frivolous or malicious or for failing to state a claim. *See Snider v. White*, No. 23-10305 (E.D. Mich.

Apr. 19, 2023); *Snider v. Williams*, No. 22-12789 (E.D. Mich. Feb. 7, 2023); *Snider v. Davis,* No. 20-1227 (W.D. Mich. Mar. 12, 2021); (*see also* ECF No. 1, PageID.2 (stating that Snider "has filed 16 lawsuits while incarcerated").) Further, Snider has previously been denied leave to proceed *in forma pauperis* for being a three-striker. *See Snider v. Wellpath*, No. 23-11535 (E.D. Mich. July 11, 2023).

So Snider cannot proceed without prepaying fees and costs unless he satisfies the imminent danger exception. *See Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) ("To be eligible for the exception [to the three-strikes rule], the prisoner must plausibly allege such a danger."). "[T]he threat . . . must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder,* 290 F. App'x 796, 797 (6th Cir. 2008).

But Snider only alleges past danger at a previous prison, Cotton Correctional Facility in Jackson, Michigan, not imminent danger where he is currently housed. (*Compare* ECF No. 1, PageID.2 (listing "Place of Confinement" as "Macomb Correctional Facility"), *with id.* at PageID.3–5 (describing all allegations as occurring at "Cotton Correctional Facility").) Allegations of past events at a previous facility do not satisfy the imminent danger requirement. *See Raleem-X v. Borgerding*, No. 16-12234, 2016 WL 4800877, at *2 (E.D. Mich. Sept. 14, 2016) (finding no imminent danger when complaint relates to confinement at prior facility); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding no imminent danger when plaintiff was moved to a different facility from where the alleged misconduct occurred).

3

When the Court "denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)" then "the proper procedure is for the district court to dismiss the complaint without prejudice." *Sorezo v. Harris*, No. 23-12098, 2023 WL 5489026, at *1 (E.D. Mich. Aug. 24, 2023) (quoting *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)).

In sum, the Court concludes that Snider has three strikes against him under the PLRA's three-strikes provision and fails to satisfy the imminent danger exception. *See* 28 U.S.C. § 1915(g).

Accordingly, the Court DENIES Snider's motion to proceed *in forma pauperis* (ECF No. 2) and DISMISSES WITHOUT PREJUDICE Snider's complaint (ECF No. 1).

The Court also concludes, pursuant to § 1915(a)(3), that it has properly applied the three-strikes provision of § 1915(g) such that an appeal from this order cannot be taken in good faith. So the Court declines to grant Snider leave to appeal this decision *in forma pauperis*. *See id.* § 1915(a)(3).

IT IS SO ORDERED.

Dated: October 9, 2025

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE